UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KARL WINGO, | ) | CASE NO. 1:09 CV 2652 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOHN SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Karl Wingo's above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Wingo, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), names F.C.I. ElktonWarden J.T. Shartle as respondent. Petitioner asserts he is entitled to immediate release because he completed his statutory maximum sentence on April 14, 2009. Although he filed this petition well after that date, he was awaiting the full exhaustion of his administrative remedies, which he has accomplished.[1]

*Background*

In 1991, petitioner was indicted in the United States District Court for the Eastern

---

[1] Petitioner previously filed a habeas petition in this court, which was denied without prejudice on June 4, 2009 pending a determination on the appeal he filed before the Sixth Circuit Court of Appeals. See Wingo v. Shartle, No. 1:09CV1223 (N.D. Ohio filed May 28, 2009)(Polster, J.)

District of Michigan. United States v. Wingo, No. 91-80936 (E.D. Mich. Nov. 12, 1991). A jury convicted him of the following eighteen counts: one count of conspiracy to possess with intent to distribute cocaine and heroin; one count of engaging in a continuing criminal enterprise ("CCE"); two counts of aiding and abetting in the distribution of a controlled substance; one count of possession with intent to distribute a controlled substance; two counts of using a firearm in drug trafficking; one count of possession of a firearm with an obliterated serial number; eight counts of money laundering; and two counts of unlawful use of a telephone. On February 2, 1993, the district court sentenced petitioner to a term of imprisonment of 540 months.

Petitioner filed a direct appeal resulting in the dismissal of his convictions for one count of conspiracy and two counts of using a firearm in drug trafficking. The district court re-sentenced him to a term of imprisonment of 360 months on September 18, 1997. Again, Mr. Wingo appealed and the Sixth Circuit remanded for resentencing. On May 9, 2001, the district court resentenced petitioner; again, imposing a term of imprisonment of 360 months. The Sixth Circuit affirmed the sentence on September 9, 2003. United States v. Wingo, 76 Fed. App'x 30 (6th Cir.2003) (unpublished).

In April, 2004, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Wingo v. United States, No. 04-71558 (E.D. Mich. Apr. 24, 2004) (Duggan, J.) The court issued an opinion and order on January 31, 2005, denying petitioner relief on all but one ground raised in his motion: Petitioner's assertion that he was denied the effective assistance of counsel due to his attorney's failure to attend his debriefing sessions with government agents in 1992. The court concluded an evidentiary hearing was necessary to address that issue. After the hearing, the court issued an opinion and order on November 27, 2006 concluding that, before petitioner's debriefing sessions began, his attorney failed to adequately and effectively explain the Kastigar letter to him. The court also found his attorney provided ineffective assistance of counsel to petitioner before the debriefing sessions in that he failed to adequately explain the debriefing process to him. The government filed a motion for reconsideration on December 11,

2006, raising three challenges to the Court's decision. On the same date the government filed its motion, Mr. Wingo filed a motion for resentencing. For reasons set forth by the court, Judge Duggan decided to reconsider his decision to set aside petitioner's CCE conviction, based only on the government's claim that it could refute petitioner's assertions of prejudice. The parties presented evidence regarding the issue of prejudice at an evidentiary hearing held on March 14, 15, and 16, 2007.

The district court ultimately denied petitioner's motion to vacate in toto on August 29, 2007. Wingo v. United States, No. 04-71558, 2007 WL 2480731, at *5 (E.D. Mich. Aug. 29, 2007). The court concluded petitioner had not demonstrated prejudice resulting from his decision to be debriefed by government agents. The court reasoned: "although Petitioner's counsel was deficient in explaining the terms of the Kastigar letter and the debriefing process to him, the Court holds that Petitioner is not entitled to relief based on his ineffective assistance of counsel claim." Id., at *5.

Petitioner filed a timely notice of appeal and the district court partially granted his motion seeking a certificate of appealability to address: "Whether Petitioner's Sixth Amendment right to effective assistance of trial counsel was violated when his trial counsel was absent during debriefing sessions with government agents." Wingo v. United States, No. 91-CR80936, No. 04-CV71558, 2007 WL 2713752 (E.D. Mich., Sept. 12, 2007). The Sixth Circuit later held Mr. Wingo was not (1) denied effective assistance by counsel's alleged failure to explain the scope of the possible penalties for the offenses with which defendant was charged, and (2) physical absence of defendant's counsel in a proceeding in which he signed a Kastigar letter did not deny defendant effective assistance. Wingo v. United States, 341 Fed. Appx. 132 (6th Cir. Aug 11, 2009).

On January 5, 2010 Mr. Wingo filed a Motion to Compel Answer to Motion for Resentencing and to Amend Pursuant to Federal Rules of Civil Procedure 15(a) in the District Court of Michigan. He asked the district court to rule on his December 11, 2006 motion for resentencing, which he filed after the court issued its November 27, 2006 opinion and order vacating his CCE

3

conviction. Additionally, he sought to amend his motion to raise additional issues challenging his sentence. The court denied petitioner's motion for resentencing as moot because it granted the Government's motion for reconsideration and set aside the November 27, 2006 order vacating the CCE conviction, thereby leaving intact the sentence imposed on May 9, 2001. The court added: "Absent a ruling in Defendant's favor on his § 2255 motion, this Court lacks the authority to resentence Defendant based on the issues he now seeks to assert in an amended motion for resentencing." Wingo v. United States, No. 91-80936-12, 2010 WL 420016, at *1 (6th Cir. Jan. 27, 2010).

Petitioner believes the district court's order vacating his CCE conviction still stands. While he acknowledges the court granted the government's motion for reconsideration, he believes he is still entitled to be resentenced. Mr. Wingo has exhausted his administrative remedies through the BOP, which denied his request for release. He is now entitled to a determination by this court.

## *Petitioner's Claim Lacks Merit*

The facts are straightforward and the court agrees with the BOP. When the United States District Court for the Eastern District of Michigan issued its August 29, 2007 opinion, it vacated its November 27, 2006 order setting aside Mr. Wingo's CCE conviction. For the sake of clarity, the district court reiterated in its January 27, 2010 opinion, that after

> [t]he Government . . . filed a motion for reconsideration with respect to the Court's November 27 decision . . . the Court granted the Government's motion and set aside the order vacating the CCE conviction, **thereby leaving intact the sentence imposed on May 9, 2001.** Defendant's motion for resentencing therefore became moot.

.
Wingo, 2010 WL 420016, at *1(emphasis added). Considering the fact that petition's present petition is premised on facts that are no longer in place, he is not entitled to the relief he seeks.

## *Conclusion*

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

                                        */s/Dan Aaron Polster 4/6/10*
                                        DAN AARON POLSTER
                                        UNITED STATES DISTRICT JUDGE